

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ANTHONY M. DISENSO**<br>*Assistant Corporation Counsel*<br>E-mail: adisenso@law.nyc.gov<br>Phone: (212) 442-6618<br>Fax: (212) 788-9776 |

November 7, 2012

**BY ECF**
Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Alfred Willis v. City of New York, et al.,
      12 CV 0180 (JG) (LB)

Dear Judge Gleeson:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department. I am writing on behalf of the parties to inform the Court that the above-referenced case has been settled, and to respectfully request that the Court endorse the enclosed Stipulation of Settlement and Order of Dismissal.

  Thank you for your consideration in this regard.

                 Respectfully submitted,

                      s/
                 Anthony M. DiSenso
                 Assistant Corporation Counsel
                 Special Federal Litigation Division

Enc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ALFRED WILLIS,

                       Plaintiffs,

         -against-

THE CITY OF NEW YORK, JOHN ULMER,
CHRISTOPHE WEIDNER, and "JOHN DOE",

                       Defendants.
------------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12 CV 0180 (JG) (LB)

       **WHEREAS,** plaintiff Alfred Willis commenced this action by filing a complaint on or about January 13, 2012, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS,** defendants City of New York, John Ulmer, and Chrisophe Weidner have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** plaintiff has authorized his counsel, Steven Michelstein, Esq., to settle this matter on the terms set forth below; and

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

       2.    Defendant City of New York hereby agrees to pay plaintiff ALFRED WILLIS the sum of FIFTY THOUSAND ($50,000.00) DOLLARS in full satisfaction of all

claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the defendants, both served and unserved, the City of New York and the individual named herein as "JOHN DOE;" and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants, both served and unserved, and the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
October 15, 2012

MICHELSTEIN & ASSOCIATES, LLP
*Attorney for Plaintiff Alfred Willis*
485 Madison Avenue
Suite 1300
New York, NY 10022
(212) 588-0880

Dated 10/26/12

By: _____
Steven Michelstein, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York and Police Officer Alexis Rodriguez*
100 Church Street, Rm. 3-195
New York, New York 10007
(212) 442-6618

Dated 11/7/2012

By: _____
Anthony M. DiSenso
*Assistant Corporation Counsel*

SO ORDERED:

Dated: _____
New York, New York

_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

4